IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W.
BUCKNER, B.V. HYLER and STEVEN F.
SCHAAB as Trustees of the UNITED MINE
WORKERS OF AMERICA 1974 PENSION
TRUST, et al.,

               Plaintiffs,

    v.

DOUBLE BONUS COAL COMPANY,

               Defendant.

Civil Action No. 1:08-CV-00661

Judge: Colleen Kollar-Kotelly

JOINT REPORT TO COURT PURSUANT TO LOCAL RULE 16.3

Local Rule 16.3(c) – Matters Discussed by the Parties

    On June 9, 2008, the parties met and discussed the following items set forth in Local Rule 16.3(c) and other matters pertinent to this action.

    **1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

    The parties believe that this case is likely to be disposed of by dispositive motion.

    **2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

    The parties suggest that any additional parties shall be joined or the pleadings amended within 30 days of the close of discovery.

    **3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

    The parties agree that the case should not be assigned to a Magistrate Judge.

    **4.**    **Whether there is a realistic possibility of settling the case.**

The parties believe that there is a realistic possibility of settling the case and are engaging in meaningful discussions towards resolution of this matter.

    **5.**    **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties do not believe that the case could benefit from the Court's ADR procedures. The parties' counsel have discussed ADR with their clients.

    **6.**    **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dated for a decision on the motions.**

The parties believe that this matter may be resolved by summary judgment. The parties propose that the deadline for filing Plaintiffs' summary judgment motion should be December 8, 2008. Defendant's cross-motion for summary judgment and opposition should be due by January 9, 2009. Plaintiffs' opposition and reply brief should be due by February 2, 2009.

    **7.**    **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1).

    **8.**    **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Extent of Discovery:  The parties have been engaging in informal discovery. There may be a need for requests for admission, interrogatories and document production.

How long discovery should take:  The parties suggest that all discovery be commenced in time to be completed by November 3, 2008.

What limits should be placed on discovery:  The parties suggest that the limits provided for under LCvR 26.2 should be adopted.

Protective Order:  The parties do not believe that a protective order is necessary at this time.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties do not anticipate requiring expert witnesses.

10. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This is not a class action.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe that the trial and/or discovery should be bifurcated or managed in phases.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties suggest that the pretrial conference should be set for a date approximately 30 days following the issuance of a ruling on the proposed cross-motions for summary judgment.

**13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the Court set a trial date at the pretrial conference from 30 to 60 days after that conference.

**14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

Respectfully submitted,

DAVID W. ALLEN
General Counsel
DC Bar #254763

LARRY D. NEWSOME
Associate General Counsel
DC Bar #254763

*/s/ Kathleen B. Burns*
KATHLEEN B. BURNS
Assistant General Counsel
DC Bar #492460
UMWA HEALTH & RETIREMENT FUNDS
2121 K Street, N.W.
Washington, D.C.  20037
Telephone:  (202) 521-2233
Attorneys for Plaintiffs

4

*/s/ John R. Woodrum*
JOHN R. WOODRUM
DC Bar #933457
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C.  20037
Telephone: (202) 887-0855
Attorney for Defendant

197030355.doc